

Tara J. Plochocki
202 659 7217
tara.plochocki@lbkmlaw.com

July 24, 2020

_**VIA ECF**_

Honorable Jesse Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

>        Re:    _**Super Perfect Investments Ltd. v. Agroinvestbank Open Joint Stock Company,**_
>               _**Case No. 20-cv-05552**_

Dear Judge Furman:

       I write on behalf of Petitioner in the above-captioned action regarding your July 20 Order.  Your Order directs us to serve the Petition and all supporting papers by electronic and overnight mail no later than August 3, 2020.  We are proceeding with translations of the Notice, Petition, Memorandum of Law, Order, and Declaration on an expedited basis in an effort to comply with your Order by the service deadline.

       However, based upon counsel from Federal Express and Tajik counsel, overnight mail is not possible in the country of Tajikistan.  Tajik counsel, Mr. Firdavs Mirzoev, of Nazrisho and Mirzoev, LLC, has advised us that under Tajik law, service by hand is the ordinary and proper means of effecting service, because the postal system in Tajikistan is not reliable and sending mail with return receipt required is very unlikely to be accomplished by August 3, if ever.  Mr. Mirzoev has kindly agreed to print out and serve the Petition and supporting documents on Respondent at its offices, and to obtain a signature from the person accepting the package that the documents have been received.

       Petitioner respectfully requests that the Court issue an order directing service on Respondent via hand.  The Petition relies upon the Foreign Sovereign Immunities Act as the basis for personal jurisdiction.  Respondent is an instrumentality and agent of the Republic of Tajikistan.  Service by hand satisfies 28 U.S.C. § 1608(3)(C), which authorizes service "directed by order of the court consistent with the law of the place where service is to be made," if service cannot be made through a "special arrangement" with the instrumentality or on a managing agent or officer "authorized by appointment or law to receive service of process" or "accordance with an applicable international convention on service of judicial documents."  Petitioner is not aware of a managing agent or officer authorized to act on behalf of Respondent in the United States, and the Republic of Tajikistan is not a party to the Hague Convention on the Service Abroad of



Judicial and Extrajudicial Documents in Civil or Commercial Matters.  While there is a special arrangement for service—it has been the parties' custom and practice to serve legal documents via email—Petitioner is willing to serve both by hand and by e-mail in order to ensure receipt of the documents by Respondent.

In order to give Tajik counsel time to prepare the package of documents and to arrange a trip to Respondent's offices during Covid-19 to serve the documents, Petitioner also respectfully requests an extension of time to complete service and to file the proof of service to August 17, 2020, which will be one month after the Petition was filed.

Very respectfully,

Tara J. Plochocki